IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN BEHRENS, Esquire,<br>as Administrator of the Estate of<br>H.J., a deceased minor, | :<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | |
| | : | NO. 25–732 |
| v. | :<br>: | |
| PHILADELPHIA FIGHT, d/b/a Pediatric and<br>Adolescent Health Center, et al., | :<br>:<br>: | |
| Defendants. | :<br>: | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE THE UNITED STATES FOR CERTAIN DEFENDANTS, AND TO DISMISS THE UNITED STATES FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States of America—on behalf of defendants Philadelphia Fight d/b/a Pediatric and Adolescent Health Center, Mario Cruz, M.D., Lisa Knoflicek, M.D., Kim Lewis, R.N., Ruth Martin, R.N., and Leland Perzanowski—moves under Federal Rule of Civil Procedure 12(b)(1) to: (1) dismiss Philadelphia Fight, Cruz, Knoflicek, Lewis, Martin, and Perzanowski; (2) substitute the United States in their place as the sole federal defendant; and (3) dismiss the claims against the United States, as the substituted defendant, for lack of subject matter jurisdiction based on the failure by the plaintiff Kristen Behrens, Esquire (as Administrator of the Estate of H.J., a minor) to exhaust her administrative remedies before filing suit.

**I.     INTRODUCTION**

Under 42 U.S.C. § 233(a), part of the Federally Supported Health Centers Assistance Act of 1992 and 1995 (FSHCAA), the remedy against the United States provided by 28 U.S.C. §§ 1346(b) & 2672, i.e., the Federal Tort Claims Act (FTCA), is the exclusive remedy for damage for personal injury allegedly caused by the performance of medical functions by deemed employees of the Public Health Service (PHS). Because named defendants Philadelphia Fight, Cruz, Knoflicek, Lewis, Martin, and Perzanowski

are deemed employees of the PHS, and therefore improper defendants, the Court must dismiss them and substitute the United States as the sole federal defendant.

Further, this Court lacks subject matter jurisdiction over claims for money damages against the United States that have not been administratively exhausted. *See* 28 U.S.C. § 2675(a). Here, Behrens has not exhausted her administrative remedies and, therefore, any action against the United States must be dismissed for lack of subject matter jurisdiction. *See, e.g., McNeil v. United States*, 508 U.S. 106, 111–13 (1993); *Lightfoot v. United States*, 564 F.3d 625, 626–27 (3d Cir. 2009).

## II.    Legal standard under Federal Rule of Civil Procedure 12(b)(1)

Federal courts have limited jurisdiction, possessing only that power granted by the Constitution or authorized by Congress. *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a district court may hear a case only if it is authorized to do so by a congressional grant of subject matter jurisdiction. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (cleaned up).

The "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Waivers of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). And such waivers are to be strictly construed in favor of the sovereign. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

If the Court lacks subject matter jurisdiction to hear a claim, it must dismiss the action under Federal Rule of Civil Procedure 12(b)(1). A court may treat a Rule 12(b)(1) motion as either a facial or factual challenge to jurisdiction. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a facial attack, the court only considers

the allegations of the complaint and documents referenced in and attached to it, in the light most favorable to the plaintiff. *Gould Elec. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack, the court may consider evidence outside the pleadings. *Id.* The plaintiff always bears the burden of proving that jurisdiction exists. *Id.* at 178.

III. **ARGUMENT**

    A. **The deemed PHS defendants must be dismissed with prejudice, and the United States must be substituted as the sole federal defendant.**

Under the FSHCAA, the remedy against the United States provided by 28 U.S.C. §§ 1346(b) and 2672, the FTCA, is the exclusive remedy for any damage for personal injury resulting from the performance of medical or related functions by employees of the PHS while acting within the scope of their office or employment. *See* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 801 (2010).

Here, the United States Attorney, as the delegee of the Attorney General, has certified that Philadelphia Fight, Cruz, Knoflicek, Lewis, Martin, and Perzanowski are deemed employees of the PHS. *See* 42 U.S.C. § 233(c); Ex. A (Cert.); Ex. B (Decl.) ¶¶ 5-6 & Ex. 1 (affirming that Philadelphia Fight was a properly deemed PHS employee, and that Cruz, Knoflicek, Lewis, Martin, and Perzanowski were employees of Philadelphia Fight at all times relevant to the complaint). *See, e.g., Hui*, 559 U.S. at 806; *see also id.* at 811 (proof of scope can be established by declaration).

As deemed employees of the PHS, Philadelphia Fight, Cruz, Knoflicek, Lewis, Martin, and Perzanowski are not proper defendants, and this Court lacks subject matter jurisdiction to adjudicate the claims against them. Accordingly, this Court should dismiss them, with prejudice, and substitute the United States in their place.

    B. **This Court lacks subject matter jurisdiction over any claims against the United States, as the substitute defendant, because Behrens failed to exhaust her administrative remedies before filing suit.**

This Court lacks subject matter jurisdiction to hear tort claims against the United States that have not been exhausted through appropriate administrative procedures. *See*

3

28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113 ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Lightfoot*, 564 F.3d at 626–27 ("The FTCA precludes suit against the United States unless the claimant has first presented the claim to the relevant Federal agency and the claim has been finally denied. The final denial requirement is 'jurisdictional and cannot be waived.'") (citations omitted).

In this matter, Behrens has not exhausted a proper administrative claim with the appropriate federal agency. *See* Ex. B (Decl.) ¶¶ 1-4. Nor has Behrens alleged proper administrative exhaustion. *See* Ex. C (Compl.). Because Behrens has not exhausted an administrative claim before filing this suit, this Court lacks subject matter jurisdiction to hear her claims, and must therefore dismiss them. *See McNeil*, 508 U.S. at 113.

## IV. CONCLUSION

For these reasons, the Court must (1) dismiss Philadelphia Fight, Cruz, Knoflicek, Lewis, Martin, and Perzanowski with prejudice; (2) substitute the United States as the lone federal defendant, and (3) dismiss the United States for lack of subject matter jurisdiction due to Behrens's failure to exhaust administrative remedies.

Dated: February 18, 2025

Respectfully submitted,

NELSON S.T. THAYER, JR.
Acting United States Attorney

*/s/ Gregory B. David/gbs*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ John W. Scott*
JOHN W. SCOTT
MARK J. SHERER
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8445/8359
john.scott@usdoj.gov
mark.sherer@usdoj.gov