# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTEN BEHRENS, Esquire, as Administrator of the Estate of H.J., a Deceased Minor | : : : : | CIVIL ACTION |
| v. | : : | |
| PHILADELPHIA FIGHT, d/b/a Pediatric and Adolescent Health Center, MARIO CRUZ, MD, LISA KNOFLICEK, MD, KIM LEWIS, RN, RUTH MARTIN, RN, and LELAND PERZANOWSKI, RN | : : : : : : | NO. 25-732 |

## ORDER

**NOW,** this 6th day of March, 2025, upon consideration of the United States' Motion to Dismiss Certain Defendants, Substitute the United States, and Dismiss the United States for Lack of Subject Matter Jurisdiction (Doc. No. 4), the plaintiff's response, and the government's reply, it is **ORDERED** that the motion is **GRANTED.**[1]

**IT IS FURTHER ORDERED** that:

1. Defendants Philadelphia Fight d/b/a Pediatric and Adolescent Health Center, Mario Cruz, MD, Lisa Knoflicek, MD, Kim Lewis, RN, Ruth Martin, RN, and Leland Perzanowski, RN are **DISMISSED** with prejudice;

2. The United States of America is **SUBSTITUTED** as the sole defendant; and

3. This action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

/s/ Timothy J. Savage
TIMOTHY J. SAVAGE, J.

[1] Kristen Behrens, as Administrator of the Estate of H.J., a deceased minor, sued defendants in state court for medical malpractice, negligence, and other state law claims stemming from their alleged failure to recognize, inquire into, or report signs of abuse prior to H.J.'s death. The United States removed to federal court and now moves to dismiss Philadelphia Fight and the individual defendants and substitute the United States. Behrens does not oppose these requests.

The government also moves to dismiss for lack of subject matter jurisdiction, arguing Behrens failed to exhaust administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Behrens does not dispute that she did not exhaust her administrative remedies. She only opposes the motion to dismiss the case with prejudice. She requests an administrative stay or dismissal without prejudice. In reply, the United States clarifies it is not seeking a dismissal with prejudice because a dismissal for lack of jurisdiction is always without prejudice.

The FTCA is "a limited waiver of the sovereign immunity of the United States." *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006). In order to make a claim under the FTCA, the claimant "first must file her claim with the administrative agency allegedly responsible for her injuries." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).

The relevant statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (citing *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976)).

Behrens admits she was not aware that Philadelphia Fight is a Public Health Service entity covered by the Federal Torts Claim Act. Mem. Law Opp'n Defs.' Mot. Dismiss 7, ECF No. 8-1. She requests a stay or a dismissal without prejudice to allow her to initiate the administrative claims process. *Id.* Because we do not have power to stay this case, we shall dismiss it without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Behrens is free to pursue her administrative remedies and then to file a new action.